IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Hubert Wayne Anderson, #04413-078, ) | |
| ) | C.A. No.  3:07-372-HMH-JRM |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| John J. Lamanna, ) | |
| ) | |
| Respondent. ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 of the District of South Carolina.[1]  Hubert Wayne Anderson ("Anderson"), a federal prisoner, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge McCrorey recommends dismissing Anderson's petition without prejudice and without issuance and service of process.  Anderson filed objections to the Report and Recommendation.  After review and for the reasons below, the court adopts the Magistrate Judge's Report and Recommendation and dismisses Anderson's petition without prejudice and without issuance and service of process.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

# I. FACTUAL AND PROCEDURAL HISTORY

Anderson is currently incarcerated at FCI–Edgefield. On January 11, 1994, Anderson was convicted by a jury of interstate travel to facilitate murder-for-hire in violation of 18 U.S.C. § 1958. Anderson was sentenced to life imprisonment. Anderson appealed, and the United States Court of Appeals for the Fifth Circuit affirmed his conviction on August 30, 1994. United States v. Anderson, No. 94-40072, 1994 WL 500426 (5th Cir. 1994) (unpublished). Anderson filed a petition for writ of certiorari with the United States Supreme Court, which the Court denied on January 9, 1995. Anderson v. United States, 513 U.S. 1100 (1995).

Anderson filed the instant motion pursuant to § 2241 on February 5, 2007.[2] The Magistrate Judge recommends dismissing Anderson's motion without prejudice on the basis that Anderson may not proceed under § 2241. On April 17, 2007, Anderson filed objections to the Report and Recommendation.

# II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any

---

[2]Houston v. Lack, 487 U.S. 266 (1988).

2

explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Anderson filed objections to the Report and Recommendation. However, many of Anderson's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean the following specific objections. Anderson objects to the Magistrate Judge's findings that (1) this court does not have jurisdiction over Anderson's claim, and (2) Anderson's "actual innocence claim is facially inadequate to require consideration." (Objections, generally; Report and Recommendation 6.)

Anderson's objections fail for the simple reason that he has failed to show that he may proceed with his § 2241 petition. Habeas relief pursuant to § 2241 is available only if a § 2255 motion "is inadequate or ineffective to test the legality of detention." See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (citing 28 U.S.C. § 2255). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999).

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

In his objections, Anderson argues that because United States v. Booker, 543 U.S. 220 (2005), was decided after his first § 2255 motion, "the rules governing successive motion[s]

3

effectively prevented use of that remedy to gain relief." (Objections 3.) Anderson asserts that he "cannot file a successive 28 U.S.C. § 2255 because he has already filed one in the District Court in Texas and a second under United States v. Booker . . . and was denied due to A.E.D.P.A. rules and bar." (Objections 3.) Anderson's arguments fail to meet the standard under Jones.

The fact that Anderson is procedurally barred from filing a § 2255 petition does not render the remedy afforded by § 2255 inadequate or ineffective. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Further, "*Booker* announced a new procedural rule, not a new substantive rule that decriminalized [Anderson's] offenses of conviction. Thus, even if *Booker* were retroactively applicable, the rule announced therein would fail to satisfy the standard outlined in *In re Jones* . . . ." Foye v. O'Brien, No. CIVA 1:05CV157, 2006 WL 3325688, at *3 (N.D. W. Va. Nov. 14, 2006) (unpublished); see also Rider v. United States, No. 06-7126, 2006 WL 3456460, at *1 (4th Cir. Nov. 30, 2006) (holding that a Booker claim does not meet the standard under Jones). Anderson has made no arguments that the substantive law has changed such that "the conduct of which [Anderson] was convicted is deemed not to be criminal." Jones, 226 F.3d at 334. Therefore, Anderson cannot meet the standard set forth in Jones.

In addition, Anderson objects to the Magistrate Judge's finding that Anderson presented no facts to support his "actual innocence" claim. (Objections 2.) In Jones, the Fourth Circuit made no provision for an actual innocence exception to show that § 2255 is inadequate or ineffective. Further, claims of innocence must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

"[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 126 S. Ct. 2064, 2076-77 (U.S. 2006) (internal quotation marks omitted).  In support of his argument that the actual innocence exception should allow his claim, Anderson asserts that "there is 'no' indictment or Jury verdict to support or that would justify the sentencing enhancement the District Court gave Petitioner."  (Objections 2.)  These allegations are insufficient to support the application of the actual innocence exception to Anderson.  Hence, even if the court were to assume that a prisoner could allege "actual innocence" as a basis for permitting an otherwise barred § 2241 motion, Anderson would not be entitled to relief.

Because a § 2255 motion is not inadequate or ineffective, Anderson is barred from pursuing a § 2241 petition, and the court construes his current petition as a § 2255 motion. Section 2255 motions may only be filed in "the court which imposed the sentence."  28 U.S.C. § 2255.  Anderson was sentenced by the United States District Court for the Eastern District of Texas.  Therefore, this court does not have jurisdiction to consider Anderson's § 2255 petition. Based on the foregoing, the court finds Anderson's objections without merit, adopts the Magistrate Judge's Report and Recommendation, and summarily dismisses Anderson's petition without prejudice and without issuance and service of process.

Therefore, it is

**ORDERED** that Anderson's petition is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

                                       s/Henry M. Herlong, Jr.
                                       United States District Judge

Greenville, South Carolina
April 24, 2007

## NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.